IN THE UNITED STATES DISTRICT COURT

CENTRAL DIVISION, DISTRICT OF UTAH

| | |
|---|---|
| JANICE MARIE KENT,<br><br>             Plaintiff,<br><br>     vs.<br><br>MBNA AMERICA BANK, N.A.,<br>WOLPOFF & ABRAMSON, L.L.P.,<br>RONALD M. ABRAMSON, ESQ.,<br>JANE DOE, JOHN DOE, ONE UP<br><br>             Defendants. | Civil No. 2:06-CV-216 PGC<br><br>REPORT & RECOMMENDATION<br>RECOMMENDING DISMISSAL<br><br>JUDGE PAUL G. CASSELL<br><br>MAGISTRATE JUDGE BROOKE C.<br>WELLS |

Defendants have filed a Motion to Dismiss arguing that this case should be dismissed for two reasons.[1]  First, pursuant to Rule 12(b)(5) Plaintiff has failed to properly serve Defendants as there is no record of a summons being issued.[2]  Second, Janice Kent "fail[s] to state a claim upon which relief can be granted."[3]  After reviewing the record before the court, the court finds that she has failed to properly serve Defendants. The court further finds that Janice has failed to state a claim upon which relief may be granted.  Finally, the court notes that Plaintiff has not filed any opposition to Defendants' Motion to

---

[1] *See* Docket nos. 4, 5.

[2] Mem. in Supp. p. 4.

[3] Fed. R. Civ. P. 12(b)(6).

Dismiss and the time to do so has long since passed.[4]  Therefore, according to Local Rule 7-1(d), the court may grant Defendants' motion.

Based on the foregoing, the court recommends that Defendants' Motion to Dismiss be GRANTED.

Rule 12(b)(5) provides that a complaint may be dismissed for "insufficiency of service of process."[5]  As noted by Defendants, "A summons is required to be issued and served along with the Complaint on each defendant name[d] in an action before the federal District Court."[6]  There is no record of a summons being properly issued.  The court finds therefore, that Plaintiff has failed to properly serve Defendants.  Accordingly, this case should be dismissed pursuant to Rule 12(b)(5).[7]

Next, even in construing Janice's complaint liberally,[8] the court finds that she has failed to state a claim upon which relief may be granted.  "All well-pleaded factual allegations in the complaint are accepted as true, . . . and viewed in the light

---

[4] *See* DUCivR 7-1(b)(3).

[5] Fed. R. Civ. P. 12(b)(5).

[6] Mem. in Supp. p. 4; *see also* Fed. R. Civ. P. 4(a).

[7] *See Pounds v. Dep't. of Interior*, 2001 SL 520848 *1, (10th Cir. 2001) (affirming the dismissal of the plaintiff's action based in part because of insufficient service of process).

[8] *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594 (1972).

most favorable to the nonmoving party."[9]  Plaintiff's complaint, however, fails to meet the requisite pleading requirements and fails to adequately place Defendants on notice in order for them to formulate a defense.

Therefore pursuant to Rule 12(b)(6), and for those reasons articulated in Defendants' Memorandum in Support this case should be dismissed.

Finally, Local Rule 7-1(d) states, "**Failure to Respond**. Failure to respond timely to a motion may result in the court's granting the motion without further notice."[10]  Therefore, in addition to the foregoing reasons, Defendants' Motion to Dismiss should also be granted due to Plaintiff's failure to respond to Defendants' motion.

---

[9] *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[10] DUCivR 7-1(d) (emphasis in original).

<u>RECOMMENDATION</u>

**IT IS HEREBY RECOMMENDED** that Defendants' Motion to Dismiss be GRANTED.

Copies of the foregoing report and recommendation are being mailed to all parties who are hereby notified of their right to object. The parties must file any objection to the Report and Recommendation within ten days after receiving it. Failure to object may constitute a waiver of objections upon subsequent review.

DATED this  30th  day of June, 2006.

BY THE COURT:

*Brooke C. Wells*
Brooke C. Wells
United States Magistrate Judge